# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

July 3, 2002

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*
Hon. FRANK H. EASTERBROOK, *Circuit Judge*
Hon. TERENCE T. EVANS, *Circuit Judge*

No. 01-1973

| | |
|---|---|
| MARCUS DIXON, | Appeal from the United States |
| *Plaintiff-Appellant,* | District Court for the Southern |
| | District of Illinois. |
| *v.* | |
| THOMAS PAGE, et al. | No. 97-323-GPM |
| *Defendants-Appellees.* | |
| | G. Patrick Murphy, |
| | *Chief Judge.* |

## ORDER

On June 11, 2002, the defendants filed a motion to amend our opinion of May 28, 2002, asserting that we did not correctly quote a representation made at oral argument. Although we do not believe that the quotation in the Opinion was made in error, we believe that the Opinion should be modified in the interest of clarity. Therefore, this Opinion is hereby amended by deleting, on lines 8-9 and 12 of page 9 of the Slip Opinion, the bold-faced text:

> But counsel represented that under the grievance process in Illinois, Dixon could appeal directly to the Director **after waiting for thirty days to be transferred**, thus bypassing the initial steps required for the filing of a new grievance. *See* 20 Ill. Admin. Code § 504.850(a) (1998) (stating that "if after receiving **a** response . . ., the committed person still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after receipt of the response").

and substituting the following bold-faced text and adding the footnote:

> But counsel represented that under the grievance process in Illinois, Dixon could appeal directly to the Director **if he had not, in fact, been transferred**, thus bypassing the initial steps required for the filing of a new grievance. *See* 20 Ill. Admin. Code § 504.850(a) (1998) (stating that "if after receiving **the** response . . ., the committed person still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after receipt of the response").[FN1]

> FN1. A prisoner in Dixon's situation may face issues of timing. He must appeal within 30 days of a "response." The "response" in the present case would have to include the failure to act on a decision to transfer, as well as, presumably, the decision itself. (Otherwise, there would be nothing for the prisoner to appeal.) And the date of the "response" would be difficult or impossible for the prisoner to determine. An immediate appeal might be premature since the prison system must be allowed some reasonable time (but no longer) to process a transfer decision. Because the prisoner won a transfer decision, the burden should be on the prison system to ensure that the prisoner is properly informed about when he can appeal a delay in, or reversal of, his promised transfer.